[Civ. No. 10744. First Appellate District, Division One.—October 15, 1938.]

JOSEPH FRANCESCONI, Respondent, v. COLOMBO BEL-LUOMINI, Appellant.

702

J. Hampton Hoge and A. Dal Thomson for Appellant.

Knight, Boland & Riordan and John H. Riordan for Respondent.

GRAY, J., *pro tem.*—Respondent was severely injured in a head-on collision between an automobile in which he was riding as the guest of its driver, the appellant, and another automobile operated by the defendant Frank T. Clark. He sought, in this action, to recover damages from appellant upon the claim that he was guilty of wilful misconduct, and from such defendant upon the claim that he was negligent. The jury exonerated the defendant from liability and awarded damages against appellant. During the trial, the latter, by successive motions for a nonsuit, a directed verdict and a judgment notwithstanding the verdict, challenged the sufficiency of the evidence to establish wilful misconduct on his part. The trial court denied each motion. Appellant, in his briefs, reiterates this claim as to the insufficiency of the evidence and argues therefrom that the erroneous denials of his motions require a reversal of the judgment.

█ In passing upon each of these motions, the trial court exercised the same power. If, ignoring conflicts therewith, there was any evidence, together with inferences reasonably drawn therefrom, which would support a finding that appellant was guilty of wilful misconduct, each motion was properly denied. (*Gimenez* v. *Rissen,* 12 Cal. App. (2d) 152 [55 Pac. (2d) 292].) █ Evidence that appellant, in the operation of his automobile, intentionally did something which he should not have done, or failed to do something which he should have done, under circumstances disclosing knowledge, express or implied, that injury to his guest would be a probable result, or showing wanton and reckless disregard of such possible consequence, establishes his wilful misconduct. (*Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194]; *Weber* v. *Pinyan,* 9 Cal. (2d) 226 [70 Pac. (2d) 183, 112 A. L. R. 407].)

The collision occurred on the Bayshore highway in its intersection with Brewster Avenue in Redwood City. Main Street enters the highway from the west about a quarter of a mile southerly of Brewster Avenue. The highway runs in a northerly and southerly direction and is divided by painted lines into four lanes, of which the two westerly are for southbound traffic and the two easterly for northbound traffic. In the vicinity of the accident the highway curves to the west on an angle of 39 degrees and 45 minutes. The accident happened at dusk when the headlights of vehicles were illuminated. The pavement was dry; there was no fog and the traffic was very heavy. Appellant testified that he entered the highway from Main Street after stopping to permit the passage of a northbound truck, crossed the two southbound lanes and turned into the westerly, northbound lane about 40 feet behind this truck, which he followed at the same speed of 35 or 40 miles per hour, at which it was moving. He further stated that the truck suddenly and without warning stopped 60 feet in front of him, when near Brewster Avenue; that he applied his brakes until within 10 feet of the truck; that, to avoid hitting the truck, he turned to his left into the easterly southbound lane as he observed another vehicle approaching from his rear in the easterly northbound lane, and that immediately he collided with the front of defendant's southbound automobile which he had not previously seen. Defendant said that, as he was traveling

at a speed of 40 or 45 miles per hour in one of the southbound lanes—as to which one he was uncertain—he first saw appellant's headlights distant 40 or 50 feet, coming diagonally towards him from behind another northbound machine. Appellant argues that the stoppage of the truck and the approach of the other machine from his rear created a sudden peril which required his instant choice between striking the truck or veering to his left, and that, although the subsequent collision may have proved the folly of his choice, yet his conduct, being intended to avert injury to his guest, was not wilfully wrong. He claims that, with the exception of the vehicle to his rear, these facts are so similar to those considered by this court in the case of *Horn* v. *Volko,* 13 Cal. App. (2d) 582 [57 Pac. (2d) 175], as insufficient to constitute wilful misconduct, as to require the same decision of reversal.

But his version of the accident is contradicted by other evidence, which the jury was entitled to accept as true. Such other evidence renders the cited case inapplicable. A chauffeur, who was traveling ahead of defendant, swore that there was no vehicle ahead of appellant; that the latter suddenly swerved to his left into the westerly southbound lane and there collided with defendant. In a pre-trial statement appellant placed the truck, which he claimed to have been following, in the most easterly lane. A traffic officer stated that appellant's rear left wheel made a skid mark which extended 63 feet westerly and 31 feet easterly of the center line of the highway and which commenced in the most easterly lane. The course of this skid mark indicated that, before turning, appellant had been traveling in the most easterly lane. (*Elsey* v. *Domecq,* 114 Cal. App. 42 [299 Pac. 794].) The jury was not compelled to accept, as true, appellant's denial that he had ever seen defendant's headlights before the impact, but were entitled to find from the evidence of their visibility to others and of the absence of the truck ahead of him, that if he had looked, as required, he must have seen them before commencing his left-hand turn. (*Hellman* v. *Bradley,* 13 Cal. App. (2d) 159 [56 Pac. (2d) 607].) Both vehicles collided with such force that they were totally wrecked and were so enmeshed together that crowbars and a tow car were required to pull them apart. From the length of the skid mark and the physical damage

to the cars, the jury was warranted in inferring that appellant's speed exceeded his estimate of 35 or 40 miles per hour. (*Linde* v. *Emmick*, 16 Cal. App. (2d) 676 [61 Pac. (2d) 338].) This evidence that appellant, at an excessive speed, crossed the width of a congested four-lane highway, on a curve and near an intersection, in face of clearly visible oncoming traffic, shows such a wanton and reckless disregard of his guest's safety as to constitute wilful misconduct. (*Petersen* v. *Petersen*, 20 Cal. App. (2d) 680 [67 Pac. (2d) 759]; *Olson* v. *Gay*, 135 Cal. App. 726 [27 Pac. (2d) 922]; *Sanford* v. *Grady*, 1 Cal. App. (2d) 365 [36 Pac. (2d) 652, 37 Pac. (2d) 475].) Indeed, his operation of his automobile is aptly characterized by the following sentence from *Parsons* v. *Fuller*, 8 Cal. (2d) 463, 468 [66 Pac. (2d) 430]: "To us it seems clear that one who, while driving an automobile knowingly flirts with danger and, without necessity or emergency compelling him, 'takes a chance' on killing or injuring himself and others, who may be so unfortunate as to be riding with him, is guilty of wilful misconduct."

In its instructions, the court read to the jury several pertinent sections of the Vehicle Code. Of course, as appellant contends, the mere failure to perform a statutory duty is not, alone, wilful misconduct (*Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416 [185 Pac. 510]), but there is no statement in these instructions as to the effect of the violation of the terms of these sections. Therefore, appellant's claim that the jury might have erroneously understood that such violation was sufficient to prove wilful misconduct is unwarranted. Subsequently, the court instructed the jury that "the violation of a statute . . . does not, of itself, constitute willfulness or wantonness, but it may be considered as a circumstance tending to show that the act or omission in question was willful or wanton as being entirely regardless of the law and safety of others". This instruction is in the exact language found in 45 Corpus Juris, 678, which is quoted with approval in *Kastel* v. *Stieber*, 215 Cal. 37, at page 46 [8 Pac. (2d) 474]. Appellant's criticism of this instruction is also without merit.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 12, 1938.