[Civ. No. 10715. First Appellate District, Division One.—December 10, 1938.]

DELMA BERRYMAN, a Minor, etc., Respondent, v. THOMAS QUINLAN et al., Appellants.

Frank V. Campbell, Walter E. Rankin and Robert E. Hayes for Appellants.

Norman S. Menifee and Gregory R. Maushart for Respondent.

WARD, J., *pro tem.*—Plaintiff, by her guardian *ad litem*, brought suit against the defendants for personal injuries, alleging wilful misconduct. A jury returned a verdict against the plaintiff. Defendants appeal from the trial court's order granting a motion for a new trial, based on the ground of the insufficiency of the evidence.

Appellants in their opening brief exhaustively quote and argue almost persuasively from cited wilful misconduct cases in an effort to uphold their contention that defendant Quinlan, the driver of the car at the time of the accident, was not guilty of wilful misconduct, but we feel impelled, in reference to defendant Quinlan, to follow the conclusion reached in *Chandler* v. *Quinlan,* 25 Cal. App. (2d) 646 [78 Pac. (2d) 235], wherein a petition to have the cause heard

in the Supreme Court was denied. The decision in that case, affirming the judgment in favor of plaintiff, is not controlling, but the plaintiff was the other guest, the defendants the same, and the evidentiary facts almost identical. In the Chandler case the court said: ''Mrs. Chandler, the plaintiff, together with Miss Berryman, Selleck and Quinlan left Redwood City on a pleasure trip to go to Toll House in Fresno County, approximately 200 miles from Redwood City. They stopped at Los Banos for lunch, and upon leaving Los Banos Mr. Quinlan took the wheel, Mr. Selleck riding in the front seat with him, and Miss Berryman and Mrs. Chandler occupied the rumble seat. Upon leaving Los Banos Quinlan drove at about 45 miles an hour, increasing the speed gradually until they had attained a speed of approximately 55 to 60 miles an hour. Some few miles out of Los Banos they approached an 'S' curve. As they were approaching the turn both plaintiff Mrs. Chandler and Selleck told Quinlan to slow down on account of the approaching curve. To one of these warnings Quinlan stated, 'Oh, I guess I can make it.' Quinlan, the driver, was warned a second time by Selleck, who said, 'Slow down, Tommy, there is a bad curve ahead of us', and to this Quinlan again replied that he thought he could make it. The car was proceeding at a too rapid speed to negotiate the turn, as the result of which it skidded onto the gravel shoulder of the highway, causing the car to get out of control, going into a ditch, striking a fence, and causing the injuries to plaintiff here complained of. The weather was clear and the highway approaching the curve was straight, and not only was the curve known to the driver, but some 300 feet before entering the curve there was a state highway sign upon the road indicating an 'S' curve. . . . Here the evidence discloses that defendant Quinlan, when about 500 yards distant, could plainly see the curve he was approaching and continued at the rate of from 50 to 60 miles an hour into the curve, and was warned not only by two of his passengers but by the state highway insignia of an 'S' curve. Under these circumstances it would seem that one indulging in such conduct, had some knowledge that danger was likely to result therefrom, and was knowingly flirting with danger without necessity compelling him taking a chance, and was guilty of wilful misconduct.''

The principal point of difference in the two cases, relied upon by appellant, is the factual set-up that in the Chandler case the decision refers to an "S" curve, whereas in the instant case a diagram indicates that the topography of the roadway ran nearly straight, with two slight bends, one some 300 feet from a caution sign, and the other near the scene of the accident. Relative to the defendant Quinlan, we feel that the facts as presented in this case merit the same decision as in the Chandler case.

The complaint in this case alleged that plaintiff was a guest, and that the driver of the car was the defendant Quinlan, who operated the car with the permission and consent of the defendant Selleck. All allegations of wilful misconduct were directed toward the defendant Quinlan. The evidence does not indicate any actual wilful misconduct on the part of defendant Selleck. On the contrary, before reaching the bend in the road, Selleck advised and requested Quinlan to slow down the speed of the car.

The court instructed the jury that the owner of a motor vehicle was liable and responsible for injury to any person resulting from negligence in operating the vehicle with the permission of the owner. The jury was also instructed that if a verdict was found against Quinlan, and if Quinlan was driving with the permission and consent of the owner of the vehicle, and if Selleck was found to be the owner, then in such event a verdict should be returned against the owner Selleck. Subsequently the jury was instructed that: " . . . no matter how negligent you may find the defendant to have been, negligence alone will not warrant a recovery by this plaintiff." The jury was also instructed that unless the injury proximately resulted from the wilful misconduct of the driver, plaintiff was not entitled to a right of action against the driver or against anyone legally responsible for such driver. These instructions were inconsistent.

In *Weber* v. *Pinyan,* 9 Cal. (2d) 226, 238 [70 Pac. (2d) 183, 112 A. L. R. 407], the court said: "In short, therefore, we find the Civil Code section imputing to the owner liability for negligence and the guest law adopted at the same time declaring that he shall not be held liable for negligence to a guest. We conclude, therefore, that the express and unambiguous language of section 1714¼ means that, in absence of some other relation such as that of master

and servant or principal and agent, the owner of a vehicle who permits another to operate it is liable for injuries arising from the latter's negligence as that term is defined herein, but that he is not liable for injuries arising from the driver's wilful misconduct or intoxication. We also conclude that liability under section 141¾ of the Vehicle Act was limited to acts of the owner or driver arising from the intoxication or wilful misconduct by the owner or driver as the case may be, and that the owner who merely permits another to drive his car, and where no other relation exists, is not liable under either statute for injuries to a guest arising from the intoxication or wilful misconduct of the driver. For these reasons the complaint failed to state a cause of action against the respondent, and her demurrer was properly sustained.''

The evidence in the present action shows permission by Selleck, the owner, to Quinlan, to drive the car, but no proof was offered indicating the relation of master and servant or principal and agent. We conclude, therefore, that Selleck was not legally liable to plaintiff. This point was not presented in *Chandler* v. *Quinlan, supra.*

In this case no demurrer to the complaint was filed, and no special objection on behalf of Selleck made to the introduction of the evidence. Plaintiff presented her case upon the theory that the defendant Selleck would be liable if judgment was rendered against defendant Quinlan. No mention of the point was made on the motion for a new trial, but the record shows the presentation of a motion on behalf of both defendants for a directed verdict, which motion was denied. The denial of this latter motion is not referred to in the briefs filed by respondent.

The general rule, subject to exceptions, is that an appellate court will not consider questions raised for the first time on appeal. One of the exceptions is where the complaint does not state a cause of action. (Code Civ. Proc., sec. 434.) The court in *Reid* v. *Thomas,* 99 Cal. App. 719, 721 [279 Pac. 226], held: ''Where a complaint absolutely fails to state a cause of action, a demurrer is not necessary, but the defect may be raised at any stage of the proceeding and in any manner which presents the grounds of objection.'' ''The question of jurisdiction may be raised for the first time on appeal, since the parties cannot by their consent confer jurisdiction.'' (*Emery* v. *Pacific Employers Ins. Co.,* 8 Cal. (2d)

663, 665 [67 Pac. (2d) 1046].) If necessary and essential facts to the statement of a cause of action are wanting, the point may be presented for the first time upon appeal. (*Cameron* v. *Ah Quong,* 8 Cal. App. 310, 312 [96 Pac. 1025].) In *Norager* v. *Mountain States Life Ins. Co.,* 10 Cal. App. (2d) 188, 192 [51 Pac. (2d) 443], the court said: "Appellants filed no demurrer to the complaint nor was the question of want of jurisdiction suggested by answer or during the course of the trial; but being a jurisdictional question it may be raised for the first time on appeal. (*Hallock* v. *Jaudin,* 34 Cal. 167, 173; 21 Cal. Jur., p. 268.)"

The complaint in the instant case does not state a cause of action against the defendant Selleck. The order granting plaintiff and respondent a new trial against defendant Selleck cannot be sustained. The order for a new trial was granted on the ground of the insufficiency of the evidence to justify the verdict. Respondent contends that certain instructions were erroneous, and that a new trial should have been granted upon the ground of errors of law. Assuming that certain instructions were erroneous, the errors in this respect were collateral and subordinate to the right of the defendant Selleck to be confronted with a statement of facts giving the court jurisdiction to try the case.

Respondent in her brief admits that upon a new trial it would be necessary to amend the complaint against Selleck. Under the decision in *Weber* v. *Pinyan, supra,* and the facts as set forth in the transcript of testimony, it does not appear that the complaint could be amended to state a cause of action against Selleck, and respondent does not even suggest a means of doing so.

The order granting a new trial against defendant Quinlan is affirmed, and the order granting a new trial against defendant Selleck is reversed.

Knight, Acting P. J., and Cashin, J., concurred.