[Civ. No. 6012. Third Appellate District.—December 14, 1938.]

ANNE HAAS, Respondent, v. A. J. JONES, Appellant.

Honey & Mayall for Appellant.

C. Ray Robinson, James D. Garibaldi and Willard B. Treadwell for Respondent.

ROSS, J., *pro tem.*—Although there is some conflict in the evidence, the following brief statement of facts may be taken as amply supported by proof.

Respondent was a guest in the automobile of appellant at the time she received the injuries for which she was awarded damages of $10,000 in the trial court. Appellant was driving his own car, which was almost new and in good condition. Respondent's husband, Mr. Haas, was in the front seat with the appellant, Mr. Jones, while respondent, Mrs. Haas, with Mrs. Jones and another lady, were in the rear seat at the time of the accident. The party had driven from Oakdale to Niagara, and were returning home. Between Niagara and Sonora Mrs. Haas, once or twice, and Mr. Haas, about four times, remarked or protested about the speed with which appellant was driving. Each time he slowed down some. Between Sonora and Jamestown there was no complaint as to his driving. After leaving James-

town the speed increased. Mr. Haas made at least one protest then, saying: ''Look out, Andy, you are not holding the road good.'' This was about a mile before the accident happened. Just a few seconds before the accident, as the car started around a curve, another protest was made, but apparently this was too late for the appellant to heed, as the car was already getting out of his control at that time.

The accident happened on a left-hand curve of 100-foot radius, on an 18-foot wide pavement with hard shoulders, and the car ran into the left embankment, which was about 1½ feet high. In other words, the car did not ''straighten out the curve'', to use a popular phrase, but went even more to the left than the curve did. Prior to the accident the car was on the right side of the highway, going 55 to 60 miles an hour (although appellant puts it at 45 to 50 miles per hour), and the road was clear and dry. It was 4 P. M. of May 30, 1936. The appellant was well acquainted with the road and knew the curve in question.

On this appeal there is no complaint made of any rulings of the trial court, nor of any instruction given or refused. The jury was thoroughly and correctly instructed on the law governing wilful misconduct in automobile guest cases. The legislature has limited liability for injuries to an automobile guest to cases where the defendant is intoxicated or guilty of wilful misconduct, and the term ''wilful misconduct'' has been passed on in a large number of cases, many of which are cited in the various briefs herein. Proof of wilful misconduct depends upon the facts of each particular case. (*Candini* v. *Hiatt,* 9 Cal. App. (2d) 679 [50 Pac. (2d) 843]; *Hagglund* v. *Nelson,* 23 Cal. App. (2d) 348 [73 Pac. (2d) 265].) Wilful misconduct has been defined as intentionally doing something in the operation of a motor vehicle which should not be done, or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result. (*Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194]; *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988].) To constitute wilful misconduct, there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the

end of averting injury. (*Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279].)

■ In the instant case the facts are sufficient to justify a finding that the accident was the proximate result of the speed of the car. The question remaining, then, is whether the defendant was guilty of wilful misconduct in driving 55 to 60 miles per hour on the road in question, and particularly at the curve in question, being acquainted with its alignment, and after some protests or warnings.

The cases of *Wright* v. *Sellers,* 25 Cal. App. (2d) 603 [78 Pac. (2d) 209], and *Chandler* v. *Quinlan,* 25 Cal. App. (2d) 646 [78 Pac. (2d) 235], are similar in their facts, although certainly not identical, with the present case. The reasoning and logic of the decisions in those cases, however, can be applied here. It can justly be said that appellant herein, if he deliberately continued to drive fast on a curved road after warnings had been given him, was guilty of wilful misconduct. Certainly the jury, having the maps and photographs showing the physical facts before them, and hearing the testimony of the witnesses first-hand, was justified in finding such wilful misconduct.

In the case of *Sparrer* v. *Kersgard,* (Cal. App.) [79 Pac. (2d) 161], cited by appellant, a hearing has been granted by the Supreme Court. However, that case differs from the instant case in that the driver there did not know the road, and did not know he was approaching the curve where his accident occurred.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.