[Civ. No. 12637. Second Appellate District, Division Two.—December 5, 1940.]

MAURICE SHIPP, a Minor, etc., et al., Appellants, v. LYMAN LOUGH, Respondent.

Russell H. Pray, Preston W. Johnson and Leroy A. Broun for Appellants.

Joseph A. Ball and Frank C. Carvat for Respondent.

MOORE, P. J.—Plaintiffs appeal from the judgment of the court based upon a directed verdict. The action is founded upon the claim of plaintiffs that Maurice Shipp, a minor, while a guest in the automobile of defendant, suffered certain injuries by reason of the wilful misconduct of defendant.

It appears that on the 26th of March, 1939, defendant, accompanied by plaintiff Maurice Shipp, left Long Beach for the purpose of driving to Palm Springs, where Maurice was to enter a beauty contest. It was raining at Long Beach and it rained upon the car at various points along the road until they reached a point near Banning, where they collided with a west bound Buick coupe driven by one Backus.

The charge of wilful misconduct is predicated upon the claims that defendant drove at an excessive speed; that Maurice protested the excessive speed; that the pavement was slippery; that defendant's windshield wiper was defective; that he attempted to pass another car in the face of oncoming traffic and that he was driving on the wrong side of the highway.

The evidence is that while rain had fallen upon the highway, it was a rough concrete pavement up to a point five hundred yards from the point at which the accident occurred. While for a distance the concrete had been covered with a layer of asphalt and was slippery, there is no evidence that defendant had any knowledge of the change in the nature of the surface. In fact, he was not familiar with the highway; his last drive upon it at the point of the accident was in 1936.

Defendant was not speeding on a curve. The evidence shows that, from five hundred feet from the point of accident eastward, the curve is gradual and does not prevent a view of the highway ahead. The driver of the Buick testified that "it was a straight-a-way at the culvert", the place at which the accident occurred. There is no evidence that any defect in the windshield wiper prevented its keeping a clear vision for the defendant driver.

At the time of the collision defendant was not passing another automobile. He was attempting to pass another car when he discovered the approach of the Buick. When he applied his brakes in order to return to his former position in the line of traffic, he skidded head on into the Buick. His was a clear attempt to withdraw from the danger of an approaching car, while the collision resulted from the slippery surface of the highway of which he had no former knowledge. At the time that he pulled into the left side of the highway in order to pass another car, he was travelling at a speed not to exceed forty-five miles per hour. He had driven from Long Beach at speeds ranging from fifty to sixty-five miles per hour, his tires were new and his brakes effective. At the time that he pulled out to pass the car ahead of him, the highway was clear for at least two hundred feet ahead.

 The facts of this case show nothing more than simple negligence. Defendant's only negligence was in commencing to pass his own line of traffic at not to exceed forty-five miles per hour. With new tires and competent brakes, such speed could be nothing more than a lack of care and not a disregard of the probable consequences. (*Lennon* v. *Woodbury,* 3 Cal. App. (2d) 595 [40 Pac. (2d) 292].) Gross negligence, which was the basis for recovery on the part of a guest prior to 1931, has been defined as ''such a lack of care as may be presumed to indicate passive and indifferent attitude toward results, while *wilful misconduct involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences''* (*Weber* v. *Pinyan,* 9 Cal. (2d) 226 [70 Pac. (2d) 183, 112 A. L. R. 407]); it is an act done under circumstances disclosing a knowledge that injury to the guest would be a probable result, or showing a wanton and reckless disregard of probable consequences. (*Francesconi* v. *Belluomini,* 28 Cal. App. (2d) 701 [83 Pac. (2d) 298]; *Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194]; *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279]; *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520]; *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988]; *Sanchez* v. *Rissen,* 12 Cal. App. (2d) 152 [55 Pac. (2d) 292]; *Candini* v. *Hiatt,* 9 Cal. App. (2d) 679 [50 Pac. (2d) 843]; *Lennon* v. *Woodbury,* 3 Cal. App. (2d) 595 [40 Pac. (2d) 292].) To constitute wilful misconduct, there must be actual knowledge

or that which in law is esteemed to be the equivalent of actual knowledge of the peril to be apprehended from the failure to act, coupled with the conscious failure to act to the end of averting injury. This case finds its precedent in *McLeod* v. *Dutton*, 13 Cal. App. (2d) 545 [57 Pac. (2d) 189], and *Hall* v. *Mazzei*, 14 Cal. App. (2d) 48 [57 Pac. (2d) 948], in which, while there was some evidence of negligence, there was no proof of a combination of facts such as are deemed essential to constitute wilful misconduct.

Where the driver operates his car at sixty-five to seventy miles per hour, is acquainted with a curve in the road which he cannot negotiate by reason of his speed, and his vision is limited to one hundred yards by reason of the sharpness of the curve, and the roadway is but eighteen feet wide and it has been raining (*Wright* v. *Sellers*, 25 Cal. App. (2d) 603 [78 Pac. (2d) 209]) ; or where it has been raining and the driver is familiar with the curves of the paved mountain road over which he is passing, knowing the likelihood of skidding, his vision limited to one hundred feet, his speed of seventy miles per hour is inherently dangerous, and his guest has accordingly protested (*Jackie Coogan Productions, Inc.,* v. *Industrial Acc. Com.*, 21 Cal. App. (2d) 225 [68 Pac. (2d) 750]) ; or where the driver proceeds at an excessive speed in the face of oncoming traffic, the surface of the road is oiled and contains dips and soft shoulders (*Fisher* v. *Zimmerman*, 23 Cal. App. (2d) 696 [73 Pac. (2d) 1243]) ; or where the driver, in the face of heavy traffic, driving at an excessive speed, crosses four lanes of traffic near an intersection (*Francesconi* v. *Belluomini, supra*) ; or where the driver of a Ford car having no lights drives at an excessive speed on the wrong side of the road in the night-time (*Petersen* v. *Petersen*, 20 Cal. App. (2d) 680 [67 Pac. (2d) 759]) ; or where the driver is familiar with the road, knew the curve and was "acquainted with its alignment", the pavement is eighteen feet wide and he is travelling at fifty-five to sixty miles per hour and continues at the same speed ignoring the protests of his guest (*Haas* v. *Jones*, 29 Cal. App. (2d) 650 [85 Pac. (2d) 579]) ; or where the driver speeds at fifty-five to sixty miles per hour and passes a "Caution" sign three hundred feet from a curve (*Berryman* v. *Quinlan*, 29 Cal. App. (2d) 608 [85 Pac. (2d) 202]) ; or where the driver was going too fast to negotiate a turn, knew that danger was likely to result and

ignored protests as he approached the curve (*Chandler* v. *Quinlan*, 25 Cal. App. (2d) 646 [78 Pac. (2d) 235])—under such a combination of facts as occurred in any one of the cited cases it has been held that the driver was justifiably held guilty of wilful misconduct. There is no such combination of circumstances in the case of the defendant here as would warrant a finding of wilful misconduct on his part. (*Parsons* v. *Fuller*, 8 Cal. (2d) 463, 468 [66 Pac. 430].)

The judgment is affirmed.

Wood, J., and McComb, J., concurred.