[Civ. No. 3222.   Fourth Dist.   Oct. 15, 1943.]

HELEN JEAN CALDWELL, a Minor, etc., Appellant, v. ATHEL MILLER et al., Defendants; LEE M. LANG-FORD, Respondent.

Duckworth, Mussell & King for Appellant.

Fred A. Wilson for Respondent.

BARNARD, P. J.—This is an action for damages arising out of an automobile accident. About 8 o'clock p. m. on March 29, 1941, the plaintiff and another girl, both about 20 years of age, started out with the two defendants in search of amusement. They first went to a cocktail bar in San Bernardino where they remained about half an hour, during which each of the boys had a bottle of beer. They then went to a cocktail bar in Colton, traveling in an automobile owned by the defendant Langford but at Langford's request Miller did the driving. They remained at this place about three hours, during which each of the boys had two or three drinks of whiskey followed by short bottles of beer. Shortly after midnight they proceeded to a similar place of entertainment some five or six miles east of San Bernardino, Miller again doing the driving. They remained there about half an hour but no intoxicating liquor was consumed. They then started for San Bernardino with Miller driving the car. He negotiated several bends in the road successfully but a few miles farther on, while proceeding along a straight stretch of highway, the car ran off the left side of the highway and struck a tree some ten feet from the south edge of the pavement, causing the injuries of which the plaintiff complains.

In this action which followed, Miller, the driver of the car, was named as a defendant but was never served and he did not appear at the trial. After the suit was filed, but before the action was tried, the plaintiff married Miller. The action proceeded to trial against Langford alone before the court sitting without a jury. The court found in all respects in favor of this defendant and the plaintiff appeals from the judgment.

The court found, and the appellant concedes, that she was riding as a guest in this car. It was therefore incumbent upon her to prove intoxication or willful misconduct upon the part of the driver of the car (sec. 403 of the Veh. Code). The complaint did not allege, and there was no attempt to prove, willful misconduct upon the part of this driver. Not only would intoxication on the part of the driver not be imputed to the respondent as owner of the car (*Weber* v. *Pinyan*, 9 Cal.2d 226 [70 P.2d 183, 112 A.L.R. 407]), but the court found as a fact that Miller, at the time in question,

was not under the influence of intoxicating liquor and was not intoxicated. ▮ It is not contended that the evidence is insufficient to support this finding, the only argument in this connection being that the evidence would sufficiently support a finding of intoxication on the part of the driver of the car. There was no direct evidence of such intoxication and the most that can be said is that the evidence would support a finding either way on that issue. The usual rule, therefore, applies and the court's finding may not be disturbed on appeal.

▮ The appellant further contends that since the respondent was present in the car Miller was acting as his agent in driving the same, and that the respondent is liable for the acts of Miller as his agent. Not only did the court find against the appellant on the question of intoxication on the part of Miller, but it was expressly found that Miller was not acting as the agent of the respondent at the time in question. This finding is not attacked and a review of the evidence discloses that it could not be successfully attacked.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.