[Civ. No. 3831. Fourth Dist. Nov. 18, 1948.]

EMILY STOBER, Respondent, v. HELEN HALSEY, Appellant.

Forgy, Reinhaus & Forgy for Appellant.

Thompson, Bradley & Bowman for Respondent.

GRIFFIN, J.—Plaintiff Emily Stober was riding in an automobile owned by defendant and appellant Helen Halsey and driven by defendant Ed Johnson. She alleged that Johnson, while proceeding in a southerly direction in Brea

Canyon, was driving while under the influence of intoxicating liquor and was guilty of wilful misconduct resulting in an accident causing certain personal permanent injuries to plaintiff. Defendant Halsey was in the car at the time. The action as to defendant Johnson was dismissed for lack of personal service.

Plaintiff was a waitress in Orange County. On October 2, 1946, she, defendant Helen Halsey, and one June Woods, left for Palm Springs. They rented a motel room and started to visit the sights. Emily Stober testified that during the course of the evening she had a couple of cocktails and at about 9 p. m. returned to her room; that she left the other girls in some bar and did not see them again until the next morning. The two girls returned to their room that same evening and the next morning, while they were discussing the question of returning home, two strangers, one of whom was Johnson, appeared on the scene, had breakfast with them, and according to plaintiff's testimony, defendant Helen Halsey "didn't want to drive very badly," so she (Halsey) "asked him to drive" back to Santa Ana.

According to Mrs. Halsey's testimony, Miss Woods met Johnson that night in Palm Springs. She testified that she did not meet him until the following morning and he came to their motel alone; that she told plaintiff, who was the one who was anxious to return to Santa Ana that morning so she could be in court, that she (Halsey) was too tired to drive and did not care to return that early; that Johnson offered in the presence of all of them to drive the car; that that "is when *we* decided who would drive"; and that none of them noticed anything wrong about Johnson's condition.

Plaintiff then testified that she rode in the front seat with Johnson; that just before entering Pomona, he speeded up the car for a short distance and then after passing through that city he speeded up again to 70 or 80 miles per hour; that he was driving "crazy," "erratically," "driving on the wrong side of the road until we got in front of a car, and then would move over partly in time to avoid hitting the other car"; that the road had many curves and he would speed up and then slow down and then speed up again; that plaintiff requested him to slow down and he laughed at her; that just before the accident he drove off the pavement onto the gravel at 80 miles per hour, took his hands off the steering wheel, put them in the air and screamed; that the car swung around, went through the fence, and that was when her

injuries occurred. Medical testimony was produced showing that Johnson was intoxicated at the time. Plaintiff was in the hospital 24 days suffering from a serious back injury and was still under the care of a physician at the time of trial on December 9, 1947. Judgment went for plaintiff in the sum of $1,860. Defendant Halsey appeals and now contends first that there is insufficient evidence to support the verdict in this, that since she was the owner of the automobile and Ed Johnson was the driver and plaintiff Emily Stober occupied the status of a guest, and since there was no relationship of agent and principal, employer and employee, or master and servant existing between her and Johnson, no recovery could be had against her as the owner, citing *Weber* v. *Pinyan,* 9 Cal.2d 226. [70 P.2d 183, 112 A.L.R. 407] ; *Berryman* v. *Quinlan,* 29 Cal.App.2d 608 [85 P.2d 202] ; *Caldwell* v. *Miller,* 61 Cal. App.2d 1 [141 P.2d 745].

Plaintiff's amended complaint alleged generally that defendant was a passenger and the owner of the automobile; that Johnson was the driver; that plaintiff was riding as a ''guest and passenger''; that Johnson drove said automobile ''under the direction and control of the owner.'' Judgment was sought in the sum of $40,000 against both driver and owner.

Defendant denied generally and specifically the allegations of the complaint and alleged that prior to the starting of the trip plaintiff knew, or had reason to know of Johnson's intoxicated condition and despite this knowledge she rode with him and assumed the danger of any such intoxication or wilful misconduct. She also alleged contributory negligence on the part of plaintiff.

According to the record, as now augmented on motion, after propounding a question to a juror, on motion of counsel for plaintiff, the court granted counsel permission to amend his complaint ''by alleging damages in the sum of $5,000 instead of $40,000, for the reason (as stated by counsel for plaintiff) . . . that under the law we may not recover more than $5,000.'' Attorney for plaintiff then stated to the juror : ''Q. Under the law between guests and hosts, we may not recover more than $5,000, but if the facts justified a judgment to that extent you would have no hesitancy in bringing a verdict even though there was a relation there of guest and host or hostess, would you? A. No.'' The record further shows a written stipulation for dismissal as to defendant Johnson. Counsel for plaintiff announced as the reason for such dismissal : ''Under the law we are required to serve him

if he can be found within the state.'' (See Veh. Code, § 402.) At plaintiff's request the court instructed the jury in the language of section 402(b) of the Vehicle Code, and in plaintiff's instruction No. 10 specifically applied this section to the parties in the instant case without regard to the question of agency.

Defendant now argues first, that since the case was not tried on the theory of any agency existing between Johnson and defendant but upon the liability of an owner created under section 402 of the Vehicle Code, plaintiff may not now change her theory of liability and rely upon her pleading and evidence supporting the existence of some form of agency between them in order to support the judgment, citing *Hathaway* v. *Siskiyou etc. School Dist.*, 66 Cal.App.2d 103, 110 [151 P.2d 861]; secondly, that the court erred in instructing the jury in the language of section 402(b) of the Vehicle Code in this, that the jury was told under the instruction that defendant Halsey could be held liable merely because she was the owner of the automobile and riding in it at the time; that the instruction says nothing about the required relationship of agency or master and servant; that under the law (Veh. Code, § 403) a guest is not permitted to recover against the owner unless such owner is personally driving and is personally intoxicated or personally guilty of wilful misconduct. In the instant action there is no claim that the owner of the car, Helen Halsey, was intoxicated, nor any evidence that she knew defendant Johnson was intoxicated at the time he started to drive.

The undisputed facts show that plaintiff was a ''guest'' riding in defendant's car. Had defendant been driving at the time but not under the influence of intoxicating liquor and not guilty of wilful misconduct plaintiff would not, under section 403 of the Vehicle Code, be able to recover from her, even though she was the owner of the car. Consequently, it would appear that if Johnson was the owner's agent, and driving the car at the instance and request of the the owner, who was riding in the car, the same rule of law would apply, and the owner and driver would not be liable to a guest excepting in a case of wilful misconduct or intoxication of such driver. It has been held in a certain class of cases that where the owner of a motor vehicle permits another to drive it and the owner is a passenger in the car being so operated, an inference arises that the operator is driving the automobile for the benefit of the owner and as his agent.

(*Grover* v. *Sharp & Fellows etc. Co.*, 66 Cal.App.2d 736, 741 [153 P.2d 83], and cases cited.)

In *Stephen* v. *Spaulding*, 32 Cal.App.2d 326 [89 P.2d 683], it was said that the existence of liability on the part of a principal for the negligent acts of an agent is determined by the status of the injured party with reference to the principal and the nature of the latter's duty or obligation to the former, and an automobile owner riding with a guest in an automobile driven by such owner's chauffeur or agent is only liable for such acts of the agent as the principal would be primarily liable for if his personal conduct in connection with the operation of the car were the issue, and is not liable to a guest unless the driver was guilty of wilful misconduct or intoxication.

In *Caldwell* v. *Miller*, 61 Cal.App.2d 1 [141 P.2d 745], this court said, under similar circumstances that where an owner who merely permitted another to drive his car, and where no other relationship existed, and where plaintiff was riding as a guest in the car, no recovery could be had against the owner merely by reason of ownership of the car; and in effect held that plaintiff guest could not recover against the driver or owner for ordinary negligence. *Weber* v. *Pinyan*, therein cited (9 Cal.2d 226, at p. 235) holds that the legislative intent in enacting the so-called guest law, was to exclude all forms of *negligence* as a basis for recovery in a guest case, and a thing done must amount to wilful misconduct as distinguished from negligence, or as a result of intoxication on the part of the driver.

In *Barryman* v. *Quinlan*, 29 Cal.App.2d 608, 611 [85 P.2d 202], it was said that section 1714-¼ of the Civil Code, now included in section 402 of the Vehicle Code, means that, in the absence of some other relationship, such as that of master and servant or principal and agent, the owner of a vehicle who permits another to operate it is liable for injuries arising from the latter's negligence, as that term is defined herein, but that he is not liable for injuries arising from the driver's wilful misconduct or intoxication; that under section 141-¾ of the Vehicle Act, now set forth in section 403 of the Vehicle Code, liability was limited to acts of the owner or driver arising from the intoxication or wilful misconduct of the owner or driver, as the case may be, and that the owner who merely permits another to drive his car, and where no other relationship exists, he is not liable under either statute

for injuries to a guest arising from the intoxication or wilful misconduct of the driver.

*Taylor* v. *Joyce,* 4 Cal.App.2d 612 [41 P.2d 967] (hearing denied by the Supreme Court) involved an action in which the plaintiff was a guest of the owner of a certain car driven by his chauffeur, in which case the plaintiff claimed, and the evidence indicated, that plaintiff's chauffeur was decidedly drunk. Plaintiff's entire basis of recovery against the owner was founded on that portion of section 141-¾ (now § 403) of the Vehicle Code. Plaintiff did not claim that the owner, Joyce, was intoxicated or was in any way guilty of wilful misconduct. A recovery was permitted against both defendants. It was held that since plaintiff was a guest she was not entitled to recover from defendant owner for "mere negligence." The recovery was permitted upon the theory that there was *no dispute* upon the question as to the defendant chauffeur being, at the time of the injury, the servant or agent of the owner.

There is language in *Stephen* v. *Spaulding, supra,* where the guest was suing the owner and where the car was driven by the owner's daughter, indicating a similar conclusion as that reached in *Taylor* v. *Joyce, supra.* There it was said, page 327, et seq.:

"Assuming the correctness of respondent's claim that the driver . . . was the agent of her mother . . . it requires no citation of authority for the statement that plaintiff's right to recover was nevertheless based upon the measure of care owed her on the part of the principal . . . If plaintiff was a guest . . . while riding in the latter's automobile, then plaintiff's right of recovery is gauged by the provisions of the 'guest' statute, regardless of whether Mrs. Spaulding was actually driving or exercising the control or the right to control her daughter, who was operating the car. . . . It follows, therefore, that if plaintiff was a guest, then unless the driver was guilty of wilful misconduct or intoxication, the principal . . . whose liability was secondary, cannot be held."

It therefore appears from the decisions that when there is a relationship of master and servant, employer and employee, or principal and agent, existing between the driver and the owner, and the owner is also a passenger in the automobile at the time of the accident, the owner is answerable for injuries sustained by the guest, where the driver is guilty of wilful misconduct or intoxication, and it is not necessary to show

that the owner was also personally intoxicated or personally guilty of wilful misconduct.

The instant case was not tried upon this theory. Although the complaint might so indicate, the questioning of the jurors, the amendment of the complaint to show the owner's liability not to exceed $5,000, and the instructions offered by plaintiff and given by the court, clearly indicate that plaintiff was endeavoring to attach liability upon the defendant owner by virtue of section 402 of the Vehicle Code, as well as under section 403 of the Vehicle Code. It cannot be determined upon which theory the jury acted. The question of the relationship or the existence of any agency between the owner and the driver was a material question for the jury to determine under proper instructions. Instructions given, permitting liability of the owner under section 402, *supra*, were erroneous. Under the circumstances related, article VI, section 4½ of the Constitution has no application. (*Freeman* v. *Adams*, 63 Cal.App. 225 [218 P. 600]; *People* v. *Sica*, 76 Cal.App. 648 [245 P. 461].)

Judgment reversed.

Barnard, P. J., and Mussell, J., concurred.