[Civ. No. 4130.   Fourth Dist.   Jan. 19, 1951.]

EMILY STOBER, Respondent, v. HELEN HALSEY, Appellant.

Forgy, Reinhaus & Forgy for Appellant.

Thompson, Bradley & Bowman for Respondent.

BARNARD, P. J.—At the time of the accident the plaintiff was riding as a guest in a car owned by the defendant and being driven by one Johnson. The defendant was also riding in the car, and Johnson was driving at her request. There is evidence that Johnson was intoxicated at the time.

The facts are more fully stated on a prior appeal (*Stober* v. *Halsey*, 88 Cal.App.2d 660 [199 P.2d 318]). It was there held that an owner, who is also riding in a car, is liable for injuries sustained by a guest where the driver is guilty of wilful misconduct or intoxication, provided that a relation of master and servant, employer and employee, or principal and agent exists at the time between the driver and the owner; and that where an owner of a car permits another to drive it, and the owner is a passenger in the car being so driven, an inference arises that the operator is driving the car for the benefit of the owner and as his agent. The judgment was reversed because it could not be told upon which of two theories the jury acted, and because "the question of the relationship or the existence of any agency between the owner and the driver was a material question for the jury to determine under proper instructions."

On a retrial of the case, the evidence being the same, the court gave four instructions relating to this matter of agency. The first of these told the jury that if it found that the plaintiff did not assume the danger of the ride and was not guilty of contributory negligence, and that the relationship of principal and agent or of employer and employee existed between the driver and the defendant, and that the defendant was also a passenger in the car at the time of the accident, then the defendant is answerable for injuries sustained by the plaintiff if the driver was guilty of wilful misconduct or

intoxication. The second told the jury that the plaintiff claimed that Johnson was the agent or servant or employee of the defendant, and that if it should find that such an agency or relationship then existed it must hold the defendant liable if it further found that the driver was guilty of wilful misconduct or intoxication or both, unless the plaintiff is barred from relief by contributory negligence, if any, or the assumption of risk, if any. The third told the jury that if it should find from the evidence that at the time of the accident the car then being driven by Johnson was owned by the defendant, and that Johnson was driving with the defendant's permission, and that the defendant was present as a passenger in the car, it might infer from such evidence that Johnson was then acting as the agent or servant or employee of the defendant and within the scope of his authority. The instruction further told the jury that it was not compelled to draw that inference, and that it must weigh the inference and such evidence as favors it against all contrary evidence, and then determine which, if either, preponderates. The fourth instruction, which was offered by the defendant, defined agency in the language of section 2295 of the Civil Code.

The defendant does not question the first two of these instructions and concedes that the third is a correct statement of the law. It is argued, however, that agency was not sufficiently defined by the instructions given and that the various tests which the law applies in order to determine whether or not an agency relationship exists should have been explained to the jury. The sole assignment of error is that the court erred in refusing to give three instructions offered by the defendant. The first of these defined master and servant in the language of section 3000 of the Labor Code. The second defined employer and employee in the language of section 2750 of that code. The third told the jury that in determining whether Johnson was an agent, servant or employee of the defendant it might take into consideration (1) the existence of a contract or agreement; (2) the independent nature of the work to be performed; (3) whether there was a right to control the details of the operation by Helen Halsey; (4) whether the work was part of the regular business carried on by Ed Johnson; and (5) the right to hire and fire.

There was no evidence here of any master and servant or employer and employee relationship and it was not error to refuse to give the first two of these instructions.

■ The tests outlined in the third refused instruction are those which usually have a bearing in cases involving the distinction between an independent contractor on the one hand, and an agent and employee on the other. The only one of these which could have had any bearing here was the third, as to the existence of a right of control. Not only was the court justified in refusing the instruction as offered but with respect to its material element, the right of control, no evidence was offered or received tending to contradict the presumption of agency.

■ At the defendant's request the court gave a general definition of agency in the language of the statute, and instructed the jury that the fact of agency might be inferred from evidence that at the time of the accident the car which was being driven by Johnson was owned by the defendant, that he was driving with her permission, and that she was present as a passenger in the car. This sufficiently covered the matter of control in the absence of any evidence that the defendant did not have a right of control. There was no evidence having an effect contrary to the inference, and no further definition of agency, or test to be used in determining whether or not such a relationship existed, was necessary or required under the circumstances. If the instruction had been given and the jury told that a right of control by the defendant was a test or factor to be considered in determining whether or not an agency relationship existed, there was no evidence upon which a different conclusion could have been based. The only evidence before the jury was that such a right did exist, by reason of the inference, and no harm or prejudice appears. If any error be assumed it could not have affected the result.

The question of an agency relationship between the driver of the car and the defendant was adequately covered by the instructions, in view of the evidence before the jury, and no prejudicial or reversible error appears.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.