Dolores D. SAN NICOLAS, Augustin B. Duenas and Rosita D. Duenas, Appellants,

v.

Frankie S. LIZAMA, by Antonio P. Delgado, his guardian ad litem, Appellee.

No. 19936.

United States Court of Appeals
Ninth Circuit.

May 23, 1966.

E. R. Crain, Agana, Guam, for appellants.

Finton J. Phelan, Jr., Agana, Guam, for appellee.

Before HAMLEY, JERTBERG and ELY, Circuit Judges.

ELY, Circuit Judge:

Appellants seek reversal of a judgment in which the appellee was awarded damages for personal injuries. The appellants are the two owners of an automobile and its operator. All of them maintain that the evidence was insufficient to support a judgment against them. The contention has no merit.

The suit arose from a collision between an automobile and a motorcycle at a highway intersection in the Territory of Guam. The automobile, owned by Augustin and Rosita Duenas, was being operated by Dolores San Nicolas, and the motorcycle was being driven by the injured appellee. The latter successfully urged that the automobile, which had been oppositely approaching him on the same highway, was negligently driven to the left and into his immediate intended path. The appellants insisted that appellee was contributively negligent in operating the motorcycle at an excessive rate of speed.

As is usually true in cases arising from collisions between vehicles, the testimony here was sharply conflicting. An investigating officer testified that appellee had orally admitted that, immediately prior to the accident, he was operating the motorcycle at a speed rate of fifty miles per hour with the knowledge that the maximum lawful speed was thirty-five miles per hour. On the other hand, two witnesses testified that the motorcycle was "going slow", and the appellee, denying that he made the admissions recited by the officer, testified, in effect, that his rate of speed was not beyond that which was legally permissible.

The trial was to a jury, and to it, under proper instructions, was entrusted the determination of the facts. It had the benefit, in judging credibility, of having observed the witnesses and their manners and demeanors while under examination. In denying appellants' motion for a new trial, the district judge has reflected his conviction that justice did not miscarry. We share the conviction, and the judgment, insofar as it runs against the appellant San Nicolas, is affirmed.

The judgment against the owners of the automobile must be reversed. By its verdict, the jury awarded $19,325.00 in damages to the appellee, and judgment in the whole of such sum, together with costs, was rendered against the owners of the vehicle and its driver. The liability of the insurance company was limited to $5,000 by the terms of the indemnity

policy, and the company has satisfied the obligation.[1]

Appellee's cause of action against the owners of the automobile was based upon an allegation in his complaint that "Defendant Dolores D. San Nicolas was operating the said * * * [automobile] with the permission and consent of defendants Duenas as the agent and servant of said defendants or in a common enterprise and was acting under their control and direction." It was established that the appellants Duenas were the owners of the automobile and that it was being driven by the appellant San Nicolas with their permission. Under the provisions of Guam's Vehicle Code, the negligence of a permissive driver of a vehicle is imputed to the vehicle's owner, but the liability of the owner is expressly limited by statutory provision as follows:

"(b) Limitation of liability. The liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant is limited to the amount of five thousand dollars ($5,000) for the death of or injury to one person in any one accident and subject to said limit as to one person is limited to the amount of ten thousand dollars ($10,000) with respect to the death of or injury to more than one person in any one accident

and is limited to the sum of five thousand dollars ($5,000) for damage to property of others in any one accident."

Guam Vehicle Code § 23504(b).

Clearly, the liability of the appellants Duenas was limited to $5,000 for personal injury to the one injured appellee if their liability rested upon the sole basis that their vehicle was being driven by the offending driver with their permission. If unlimited liability were sought to be imposed upon them, the appellee's burden was to establish facts which would support the imposition. No proof was offered to sustain the allegations that the driver, at the time of the accident, was operating the automobile "as the agent and servant of * * * [the owners] or in a common enterprise", or that the driver was "acting under their control and direction".

■ Not only does the record disclose absence of testimony relating to these allegations, but also it reveals that counsel did not discuss them in summation and that the court did not instruct the jury with reference to the law pertaining to them.[2]

The appellee now insists that his allegation of agency was admitted. This position is based upon certain procedural history of the litigation. The complaint

1. In the Pre-Trial Order, there is a recitation, "The parties stipulated: * * * The automobile insurance policy is limited to $5000 for one injury and judgment should not be entered against Home Insurance Company of New York in excess of such sum." Accordingly, the judgment provided that the insurance company was liable to the extent of only $5,000 plus interest from the date of judgment and costs.

2. An established relationship of principal and agent, coupled with the fact of the agent's possession and operation of his principal's automobile, may create an inference that the machine is being operated within the scope of the authorized agency. A mere inference, however, is not compelling, as might be a presumption in the absence of rebutting evidence. See Leming v. Oilfields Trucking Co., 44 Cal.2d

343, 282 P.2d 23, 51 A.L.R.2d 107 (1955); Blank v. Coffin, 20 Cal.2d 457, 460, 126 P.2d 868, 870 (1942).

In our case, it appears that the owners of the automobile were husband and wife and that the wife and the driver were sisters. The sisters were the only occupants of the vehicle at the time of the accident. See Stober v. Halsey, 101 Cal. App.2d 801, 226 P.2d 44 (1951). Cf. Flores v. Brown, 39 Cal.2d 622, 248 P.2d 922 (1952); Wilcox v. Berry, 32 Cal. 2d 189, 195 P.2d 414 (1948). No instruction as to inferences which might be drawn therefrom was given, and it is clear that the jury made no factual determination that the defendant driver was operating the automobile while in such a capacity and scope of authorized enterprise as to thrust unlimited liability upon the owners.

was first answered by the insurance company, which based its denial of the allegation of agency upon its "lack of information or belief". The company's counsel was doubtless aware of his client's maximum exposure and, apparently recognizing the possibility of conflicting interests, properly advised the need for separate defense counsel. The attorney chosen by the owners filed an answer for them in which he merely adopted the answer previously filed by the insurance company. The appellee argues that his allegation of agency was not effectively denied by the owners and was thereby admitted. He urges that it must be assumed that owners of a vehicle would not lack information or belief as to the agency of one operating the vehicle with their permission. We might agree that a defendant should ordinarily be required positively to answer an allegation that another is his "agent and servant", but it is quite conceivable that a vehicle's owner would truly lack sufficient information as to whether or not, at a given time, the agent was acting within the course and scope of the agency.

The allegations of permissive use, the fact of agency, and the automobile's operation "under the control and direction" of the owners were made as a single claim. They were combined with the disjunctive allegation of the engagement of the driver in a common enterprise with the owners. All of these assertions were contained within the body of a single general allegation in one sentence. If the answering pleading was carelessly drafted, the careless phrasing of the accusing language may have been the inviting cause. Confronted with the unpunctu-

ated allegation that the driver "was operating the said * * * [automobile] with the permission and consent of * * [the owners] as the agent and servant of said defendants and was acting under their control and direction", it is understandable, although regrettable, that counsel chose to plead denial of the whole of the combined allegations upon the ground of lack of information or belief even though such ground would not support a denial of alleged facts about which at least one of the owners would necessarily be knowledgeable.

■ Two significant circumstances persuade us that possible injustice should not be permitted to result from technically imperfect, ill-considered pleading. In the first place, there is no adequate showing that appellee relied upon the admission which he now claims to see in the formal pleadings and was prejudicially misled into failure to produce proof. In fact, there is an indication to the contrary. In the Pre-Trial Order and in reviewing the nature of the case in opening remarks to the jury panel, the district judge stated, "The plaintiff alleges that the driver of the automobile was the agent of the owners." From this language, it may be fairly inferred that the judge himself originally entertained the belief that the fact of agency was in dispute. He did not state that the allegation of agency was admitted, as he surely would have done had he then believed such to be true. Moreover, when the statement was made, appellee, making no protest that existence of agency was an admitted fact and not a mere allegation, may have well misled his adversaries into failure to offer exonerating proof.[3]

3. Immediately after the return of the jury's verdict, the following colloquy occurred:

"THE COURT: Pursuant to the stipulation in the pretrial order, judgment will be entered on this verdict against the Home Insurance Company for $5000, plus costs, and against the other defendants for the full amount. Now you did stipulate the policy limit was $5000?

"MR. CRAIN: It can't be against the Duenases for over $5000 under the statute.

"THE COURT: I don't—What did you stipulate to?

"MR. CRAIN: What I meant, your Honor, the owners of the car are only liable up to the statutory amount of $5000 also.

"THE COURT: I find no such stipulation here.

"MR. CRAIN: It is a matter of statute, your Honor. The owners of the vehicle who were permitting it to be driven, with permission, can only be liable under the statute up to $5000 in this

The judgment against the appellants Duenas is reversed, and the cause, as it affects them, is remanded for a new trial on the issue of agency.[4]

Affirmed in part, reversed in part.

case. They are defendants, am I right, the Duenases, the owners of the car?

"THE COURT: As I understand it, that was waived. The Court was permitted to instruct the jury that they should find judgment against all the defendants.

"MR. CRAIN: I don't see how you can waive the statutory provision.

"THE COURT: And the only stipulation was that the policy was limited to $5000. As I understand the case, gentlemen, the driver of the automobile was acting as the agent of the owners at the time of the accident.

"MR. CRAIN: Never, there is no testimony to that in any way, shape or form.

"THE COURT: And neither was there any objection made. Now your stipulation, if that was to be the stipulation, it should have appeared in the pretrial order as the $5000.

"MR. CRAIN: I think it is just the opposite, your Honor. In the absence of the pretrial order showing that there was agency and there is no evidence as to agency, it would be impossible to enter judgment against them.

"THE COURT: That is not my understanding. I had no such understanding. Judgment will be entered against all of the defendants, except Home Insurance, in the amount of the verdict, and the judgment against Home Insurance will be in the amount of $5000, plus costs."

4. If, in the retrial, it is determined that the vehicle's operator was an agent and that at the time of the accident she was acting within the course and scope of her employment, then a new judgment (not affecting the affirmed judgment as to San Nicolas) in the sum of $19,325 will be entered. It will, of course, be ordered satisfied to the extent of $5,000, the amount already paid to appellee in discharge of liability under the indemnifying insurance contract.