[No. 9,372. In Bank.—January 20, 1885.]

JOHN HAGERTY, APPELLANT, v. A. H. POWERS, RESPONDENT.

PARENT AND CHILD—TORTS OF MINOR—FATHER NOT LIABLE FOR.—A father is not liable in damages for the torts of his minor child, committed without his knowledge, consent, or sanction, and not in the course of his employment of the child.

APPEAL from a judgment of the Superior Court of Sacramento County.

Action to recover damages for personal injuries to plaintiff's child. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained, and the plaintiff declining to amend, judgment was entered in favor of the defendant. The further facts are sufficiently stated in the opinion of the court.

*Grove L. Johnson*, and *Jones & Martin*, for Appellant.

A master is responsible for the conduct of his servants, and a father should be responsible for the acts of his infant children, if, by his own carelessness and negligence, he has caused or permitted them to destroy the property or lives of others. (*Marionneaux* v. *Brugier*, 16 Rep. 208 ; Penal Code, § 26.)

*Elwood Bruner*, and *S. P. Scaniker*, for Respondent.

The father is not liable for the willful acts of his minor children. (*Tifft* v. *Tifft*, 4 Den. 175 ; Schouler on Domestic Relations, 3d ed., § 253; *Peterson* v. *Haffner*, 59 Ind. 130; *Conklin* v. *Thompson*, 29 Barb. 218 ; *Conway* v. *Reed*, 66 Mo. 346.)

Ross, J.—The question in this case is, whether the defendant, who, according to the averments of the complaint, " willfully, carelessly, and negligently suffered, permitted, countenanced, and allowed " his son, of eleven years of age, to have in his possession a loaded pistol, which pistol the boy afterwards so carelessly used and handled as to shoot the infant child of the plaintiff, is liable in damages therefor.   We have been cited to no case, controlled by the principles of the common law, that holds that the action, under such circumstances, can be maintained.   It seems that under the civil law it may be; and such an action was lately sustained by the Supreme Court of Louisiana, in the case entitled *Marionneaux* v. *Brugier*, reported in the 16th vol. of the Reporter, p. 208.   Pothier, in his work on Obligations, says : " The doctrine that fathers and others shall be responsible for the acts of children under their care, which it was in their power to prevent, appears highly reasonable ; but I am not aware of any case in which it is adopted in the *English* law." (Vol. 2d, page 34.)

In *Tifft* v. *Tifft*, 4 Denio, 177, a minor daughter of the defendant, in her father's absence, and without his authority or approval, willfully set his dog, not ordinarily a vicious animal, upon the plaintiff's hog, which was bitten and killed; and the court held that the father was not, but the child was, liable in damages.   To the same effect are a number of cases cited in Schouler on Domestic Relations, section 263, from which he deduces the rule that a father is not liable in damages for the torts of his child, committed without his knowledge, consent, or sanction, and not in the course of his employment of the child.

Under this rule it is quite clear that the averments of the complaint do not fix upon the defendant any liability for the damage suffered by the plaintiff.

Judgment affirmed.

SHARPSTEIN, J., THORNTON, J., McKINSTRY, J., and Mc-KEE, J., concurred.

MYRICK, J., dissenting.—I dissent.   As the complaint alleges that the father willfully, carelessly, and negligently countenanced his child in having the pistol, it is sufficient to show a cause of action.