[Civ. No. 9468. First Appellate District, Division Two.—January 2, 1935.]

VIVIAN WALLING, a Minor, etc., Respondent, v. FREDERICK RUGEN et al., Appellants.

J. Hampton Hoge and A. Dal Thomson for Appellants.

Martinelli & Gardiner, Jordan L. Martinelli and Samuel W. Gardiner for Respondent.

NOURSE, P. J.—The plaintiff suffered injuries while riding as the guest of defendant Rugen who was at the time operating an automobile owned by the defendant Schlessinger. She sued the defendant Rugen charging wilful misconduct on his part and joined the defendant Schlessinger on the theory of his imputed negligence as owner under section 1714¼ of the Civil Code and pleaded a separate cause charging him with independent negligence on the theory that he wilfully permitted Rugen, an incompetent driver, to operate his car. The cause was tried with a jury and the plaintiff had a verdict for $1,000 against both defendants.

In the oral presentation of their appeal, the appellants conceded that the wilful misconduct of Rugen was properly pleaded and proved and hence no statement of the facts concerning the accident is necessary. ▮ They first complain of the instruction, wherein the jury was told that the action was brought for damages suffered "by reason of the negligence of the defendants". It is argued that inasmuch as the respondent was the guest of Rugen at the time of the injuries her action must be one based upon his wilful misconduct and not one resting in negligence alone. The argu-

ment is academically sound so far as it goes, but it is fully answered by the instructions which were given at the request of the appellants defining wilful misconduct and advising the jury that unless the respondent proved by a preponderance of evidence the wilful misconduct of the defendant Rugen their verdict should be in favor of the defendants. Herein the trial court gave to the jury all the instructions on this subject requested by the appellant and it is impossible to conceive how the jury could have been misled by any inadvertent reference to simple negligence in the portions of the instructions complained of.

Complaint is also made of the portion of the instructions relating to the third cause of action—Schlessinger's asserted knowledge of Rugen's reputation as a careless and reckless driver. It is argued that because section 1714¼ of the Civil Code imposes liability upon the owner in absolute terms it was error to instruct the jury that the owner might be liable under the theory pleaded in the third cause of action. From this it is argued that since Rugen could be liable only for his wilful misconduct the owner should not be held liable unless such wilful misconduct was proved. This argument also is academic. The jury found the driver guilty of wilful misconduct and the appellants concede that the evidence supported that finding. The very small verdict returned indicates that the jury did not levy any penalty upon the owner because of any special negligence as pleaded in the third cause of action. The appellants do not argue that they were prejudiced in any way by the instruction—they argue that the jury must have been confused. We find no prejudicial error.

Other points raised do not require consideration. The cause was fairly tried, the jury was fully and fairly instructed, and from the admissions of the appellants the verdict for the respondent was the proper and logical result of the trial.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 1, 1935, and an

application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.