[Civ. No. 13180. First Dist., Div. Two. Feb. 21, 1947.]

WILLIAM DeLOSS, Appellant, v. W. J. LEWIS, Respondent.

Palmquist & Hanlin for Appellant.

Charles V. Barfield and Franklin A. Plank for Respondent.

NOURSE, P. J.—Plaintiff sued for personal injuries on the theory of wilful misconduct on the part of the defendant with whom he was riding as a guest. At the close of plaintiff's case the trial court granted defendant's motion for a nonsuit. The single question presented on the appeal is whether the evidence of wilful misconduct was sufficient to take the case to the jury. The evidence, which must be stated in the

light most favorable to plaintiff's case, is that defendant invited plaintiff to take a ride in defendant's automobile into the hills above Oakland along Skyline Boulevard and Redwood Road in the evening of September 9, 1944. On the return trip defendant drove the car down Redwood Road at a "coasting" speed which left the car out of control. The road was steep, narrow, full of sharp curves and down grade all the way. The car was old, had been bought second-hand, and had been driven approximately 35,000 miles by defendant. For some months before the accident defendant had known that the brakes on the car were in bad condition, and that the emergency brakes would not hold at all when the car was running down grade. On the night in question he put the car in neutral to save gas and coasted down grade negotiating two curves successfully. Then the car went completely out of control, crashed through a fence, and landed in a farm. The car was so badly wrecked that it was beyond repair. Plaintiff's injuries consisted of cuts about the face received when the car went through the fence.

Plaintiff's appeal rests upon the theory that if the evidence is sufficient to justify the reasonable inference that respondent should have known that injury to his guest was a probable result of the defective condition of the car (of which respondent was well aware) a case was made for the jury. His theory is grounded on sound reasoning.

Wilful misconduct sufficient to enable a guest to recover under section 403 of the Vehicle Code is defined in *Turner* v. *Standard Oil Co.*, 134 Cal.App. 622, 626 [25 P.2d 988], as follows: "Wilful misconduct, within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result."

This definition has been adopted in *Meek* v. *Fowler*, 3 Cal.2d 420, 425 [45 P.2d 194] ; and in *Weber* v. *Pinyan*, 9 Cal.2d 226, 233 [70 P.2d 183, 112 A.L.R. 407].

In Restatement, Torts, section 500, we find this language:
"The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreason-

able risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.''

"Therefore," as said in *Hastings* v. *Serleto,* 61 Cal.App. 2d 672, 682 [143 P.2d 956], "the question of whether the defendant driver herein intentionally drove his automobile with a wanton and reckless disregard of the possible result of such driving or whether he intentionally drove his automobile with a knowledge, express or implied, that serious injury would be a probable (as distinguished from a possible) result thereof, is essentially one of fact for determination by the fact finder.''

Since it was the province of the jury to infer from the facts proved that respondent, knowing the hazards of the road and the defective condition of his car, deliberately and intentionally flirted with danger knowing that injury to his guest would be the "probable result" the trial court erred in taking the case from the jury.

This, however, should not be construed as a holding that such inference should or must be drawn on a retrial of the issue of wilful misconduct. As said in *Blank* v. *Coffin,* 20 Cal. 2d 457, 461 [126 P.2d 868]: "Whether a particular inference can be drawn from certain evidence is a question of law, but whether the inference shall be drawn, in any given case, is a question of fact for the jury. (See cases cited in 10 Cal. Jur. 738, 739, sec. 60.)" We merely hold that such an inference would have been reasonable and might have been drawn on appellant's case alone in the absence of any rebuttal on the part of the respondent.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied March 22, 1947, and respondent's petition for a hearing by the Supreme Court was denied April 21, 1947.