[Civ. No. 16604. Second Dist., Div. One. Dec. 30, 1948.]

HAROLD E. OVERGARD, Respondent, v. ROBERT PAUL BEAVERSON et al., Appellants.

[Civ. No. 16605. Second Dist., Div. One. Dec. 30, 1948.]

LESLIE M. TILGNER, Respondent, v. ROBERT PAUL BEAVERSON et al., Appellants.

[Civ. No. 16606. Second Dist., Div. One. Dec. 30, 1948.]

DONALD MITCHELL, a Minor, etc., Respondent, v. ROBERT PAUL BEAVERSON et al., Appellants.

Murchison & Myers, R. Bruce Murchison, John B. Myers and Claude B. Cumming for Appellants.

George Appell and James T. Boyle for Respondents.

DORAN, J.—The three above-entitled actions were consolidated for trial. Plaintiff in each action recovered judgment from which defendant appeals. As pointed out by appellant, "The question of law, on which the appeals are predicated, is the same in each action so the cases are consolidated in appeal."

Appellant recites the facts as follows:

"On November 27, 1946, the defendant Robert Paul Beaverson rented from the Appellant, Catalina-Wilshire Auto Rental, Inc., (hereinafter referred to as Catalina-Wilshire), a certain 1941 Chevrolet Cabriolet automobile. Later in the evening, while Beaverson was proceeding westerly on Washington Street, in the City of Los Angeles, he collided with the 1934 Ford Sedan owned and operated by the plaintiff, Leslie M. Tilgner, which had been proceeding easterly on Washington Street and was making a left turn into Dell Avenue. As a result the plaintiff Tilgner and his passenger, Overgard, received personal injuries, and Edith A. Rogers, another passenger, mother of the plaintiff Donald Mitchell, was killed.

"At the beginning of the trial, the defendant, Robert Paul Beaverson, having never been served and being outside of the state of California, and the other named defendants having never been served, the Court, on its own motion, dismissed the action as to all defendants, both named and fictitious, except as to the defendant, Catalina-Wilshire. At the conclusion of the trial, the Court found that the accident was the result of the negligence of Robert Beaverson, and thereupon imputed such negligence to Catalina-Wilshire, by virtue of section 402 of the Motor Vehicle Code, and, in compliance with subsection (b) thereof, reduced the various judgments as to Catalina-Wilshire to comply with the limitation of amounts therein provided.

"It is to be noted that there is no finding that the appellant Catalina-Wilshire was the owner of the Chevrolet driven by Beaverson, but that it was a 'bailee.' In fact, the Tilgner and Overgard complaints do not even allege ownership on the part of Catalina-Wilshire. The only testimony as to the ownership of the automobile was that offered by appellant to the effect that the automobile was in fact owned by Norman's Auto Sales, one of the defendants previously dismissed from the action, and that it had been loaned to Catalina-Wilshire with permission to rent it out if additional cars

were needed in the course of the Catalina-Wilshire business. This situation has been recognized in Finding II.

"It is to be further noted that there is no finding of negligence on the part of Catalina-Wilshire, and that the judgment against it is predicated entirely on the purported operation and applicability of Section 402 of the Motor Vehicle Code."

It is appellant's contention that, "where the owner loans his car to a bailee who in turns permits it to be operated by another driver, Section 402 imputes the driver's negligence to the owner only," and that therefore the judgment is contrary to law. Appellant submits the question on appeal as follows: "May the negligence of the operator of a motor vehicle be imputed under Section 402 of the Vehicle Code to one who is not the owner of the vehicle?"

Respondent however submits the question on appeal as follows: "May the negligence of the operator of a motor vehicle be imputed under Subsection D of Section 402 of the Vehicle Code to one who is not the owner of the vehicle?"

 Section 402 of the Motor Vehicle Code relates to the liability of the owner of a motor vehicle when such vehicle is operated by one other than the owner. For example, the section begins, "(a) Every owner of a motor vehicle," etc., . . . and continues, "(b) The liability of an owner," etc., . . ., and, "(c) In any action against an owner," etc., . . . The next paragraph is as follows: "(d) In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence, such owner is subrogated to all the rights of the person injured or whose property has been injured and may recover from such operator the total amount of any judgment and costs recovered against such owner. If the bailee of an owner with the permission, express or implied, of the owner permits another to operate the motor vehicle of the owner, then such bailee and such driver shall both be deemed operators of the vehicle of the owner within the meaning of subdivisions (c) and (d) of this section."

Subdivision (d) made no changes in the law so far as liability is concerned as outlined in *Krum* v. *Malloy,* 22 Cal.2d 132 [137 P.2d 18], and *Weber* v. *Pinyan,* 9 Cal.2d 226 [70 P.2d 183, 112 A.L.R. 407]. As pointed out by appellant, subdivision (d) "clearly creates a right of subrogation on the part of the owner against his bailee who has in turn let

another person operate the car. Subsection (d) in no way creates a liability from the injured third party to the bailee." In *Graf* v. *Harvey,* 79 Cal.App.2d 64 [179 P.2d 348], appears the following pertinent language:

"Section 402(d) reads in part, 'If the bailee of an owner with the permission, express or implied, of the owner permits another to operate the motor vehicle of the owner, then such bailee and such driver shall both be deemed operators of the vehicle of the owner within the meaning of subdivisions (*c*) and (*d*) of this section.' Subdivisions *c* and *d* provide for service of process upon the operator in any action against the owner and give the owner a right of subrogation to recover from the operator the amount of any judgment rendered against him upon his owner's liability. If the operator has been served, the judgment is collectible first out of his property. *The Vehicle Code does not declare that a bailee or one who borrows the car from the bailee is an owner within the meaning of section 402(a). Their liability is to reimburse the owner, and is not a primary liability to the injured person.*" (Italics added.)

For the foregoing reasons the judgments are reversed and causes remanded.

York, P. J., and White, J., concurred.