[Civ. No. 4803.   Fourth Dist.   Oct. 15, 1953.]

GLENN EUGENE MARTIN et al., Appellants, v. LAW-
RENCE BARRETT et al., Respondents.

Robert W. Conyers and Daview, Burch & Conyers for Appellants.

Eugene A. Horton for Respondents.

GRIFFIN, J.—Plaintiff Glenn Eugene Martin, individually and as guardian of Billy Frank Martin, a minor, 5 years of age, brought this action against George Barrett and his wife and their minor child, Lawrence, 12 years of age, alleging that the defendants owned a two-apartment dwelling house; that plaintiffs rented the upstairs apartment and defendants lived downstairs. Both shared the common back yard.

The charge is that defendant Lawrence Barrett "was at all times mentioned herein a careless, unreasonable, aggressive and reckless person, and had teased, molested and bullied plaintiff Billy and his brother"; that Lawrence was immature and lacked the judgment to be trusted with the use or possession of any gun without the close attendance and supervision of an adult person; that defendants George Barrett and Catherine Barrett, knowing all of these facts, negligently allowed and permitted said Lawrence Barrett to have possession of an air rifle in good working order; that on May 30, 1952, Catherine Barrett negligently permitted the defendant Lawrence Barrett to use said air rifle, together with the leaden shot therefor, on the porch of the Barrett apartment, and negligently permitted said Lawrence Barrett to shoot the air rifle from said porch into said back yard; and that defendant Catherine Barrett knew that Billy was then playing in said back yard with his 7-year-old brother; that one of the leaden bullets struck plaintiff Billy in the eye and destroyed the sight of it; that the injury sustained was proximately caused by the carelessness and negligence of these defendants. Judgment is sought in the sum of $25,000 damages.

Defendants George and Catherine Barrett's demurrer was sustained and plaintiffs were given 10 days in which to amend. They refused to amend and judgment of dismissal followed.

The only question presented on this appeal is the sufficiency of the complaint to state a cause of action against the defendant parents.

Defendants rely principally upon *Hagerty* v. *Powers,* 66 Cal. 368 [5 P. 622, 56 Am.Rep. 101], which holds in effect that a father is not liable in damages for the torts of his minor child committed without his knowledge, consent or sanction and not in the course of his employment of the child. There it was alleged that the father "willfully, carelessly, and negligently suffered, permitted, countenanced and allowed" his son of 11 years of age, to have in his possession a loaded pistol, which pistol the boy afterwards so carelessly used and handled as to shoot the infant child of the plaintiff. It was there held that no cause of action was stated against the father.

In *Figone* v. *Guisti,* 43 Cal.App. 606 [185 P. 694], also cited by defendants, it was held that a father is not liable for the tort of his minor son because he negligently placed him within reach of a loaded revolver which the son used to the injury of another, and that no liability arises merely by reason of the relationship of father and son.

It is plaintiffs' position that the case of *Ellis* v. *D'Angelo,* 116 Cal.App.2d 310 [253 P.2d 675], analyzing the parental liability, has greatly narrowed the interpretation of those cases. There, where a baby sitter was violently attacked by the parents' 4-year-old boy, it was held that a parent will incur liability for his minor child's intentional acts of violence or damage to persons or property if, knowing of the child's vicious or destructive tendencies or acts, he fails to exercise reasonable measures to restrain or discipline the child and thus encourages or acquiesces in such misconduct on the part of the child. The complaint in that action charged that the son "*habitually* engaged in violently attacking and throwing himself forcibly and violently against other people, and violently shoving and knocking them, all of which said defendant parents knew" and that said "parents negligently and carelessly failed to warn plaintiff of said child's said traits and disposition and negligently and carelessly failed to inform plaintiff that said child *habitually* indulged in such violent and furious attacks on others." (Italics ours.) In support of that holding *Buelke* v. *Levenstadt,* 190 Cal. 684 [214 P. 42] ; *Rocca* v. *Steinmetz,* 61 Cal.App. 102 [214 P. 257], and other authorities are cited.

In *Johnson* v. *Glidden,* 11 S.D. 237 [76 N.W. 933, 74 Am. St.Rep. 795], parents were held liable where, with knowledge that their son was using it negligently, they permitted him

to continue in possession of an air gun. The gravamen of the complaint in cases upholding liability is the knowledge of the boy's previous conduct, disposition to do the act charged, and the failure of the parents to warn the plaintiff of this propensity. (See cases collected in *Ellis* v. *D'Angelo, supra,* p. 318.)

It is the rule in California, as it is generally at common law, that there is no vicarious liability on the part of a parent for the tort of a child. However, certain exceptions to this general rule exist, as stated in *Ellis* v. *D'Angelo, supra.*

It becomes apparent, therefore, that to state a cause of action against the parents for the tort of a minor child the complaint must fully set forth what participation there was by the parent in the negligent act of the child and the failure of the parent to act in reference thereto.

As to the defendant George Barrett, the father, there is no allegation that he knew plaintiff Billy Martin and other children were in the yard, where the son used the gun, or when he used it, at the time of the accident involved, or that he ever knew he had used it before in a careless manner nor that he, on that occasion permitted his son to obtain the gun to shoot it in the yard, injuring plaintiff. No habitual, intentional, or specific causes of misconduct are alleged. In other words, the father's liability is based upon the son's bare possession of an air gun, coupled with a certain isolated alleged negligent act on the part of the son using it, and it is specifically alleged that, at the time, the minor was under the immediate control and attendance of the mother. It is apparent that no cause of action was stated against the father. (*Hudson* v. *Von Hamm,* 85 Cal.App. 323 [259 P. 374] ; *Weber* v. *Pinyan,* 9 Cal.2d 226, 235 [70 P.2d 183, 112 A.L.R. 407].)

As to the mother, there is the additional allegation that she knew Billy Martin and his brother were in the back yard when she permitted her son to shoot his air gun from the back porch into the yard, injuring plaintiff. Again, there is no previous wrongful act by the son in using the gun alleged, or any prior knowledge by the mother that the son had previously in any manner improperly used the gun.

It does not appear that the D'Angelo case has overruled the Hagerty case, and before a cause of action may be stated against the parents for the tort of a child it must allege a specific known course of misconduct by the minor involving his habitual, intentional, and specific wrongful acts against other parties and the parents' failure to take proper pre-

caution to guard them against said acts. The plaintiffs in the instant case failed to allege sufficient participation by either parent on the part of the child to state a cause of action against them.

Judgment affirmed.

Barnard. P. J., and Mussell, J., concurred.