[Civ. No. 6494.   Fourth Dist.   Sept. 25, 1961.]

MARJORIE M. ENGLISH, Appellant, v. W. EDWARD DRUMWRIGHT, Respondent.

Mona N. Andreen for Appellant.

McInnis, Focht & Fitzgerald and James L. Focht, Jr., for Respondent.

SHEPARD, J.—This is an appeal by plaintiff from a judgment for defendant on a jury verdict in a personal injury action.

## FACTS

On January 2, 1959, a waitress in the coffee shop of defendant dropped a glass of water while clearing a table. It made a wet spot on the floor about 12 to 14 inches across. Within a few seconds the dishwasher was called to mop the floor. Some

15 to 30 seconds after the water was spilled, while the dish-washer was coming with a mop, plaintiff walked into the coffee shop, and fell at a spot close to where the water was spilled. She did not testify positively how she fell, except to say she slipped. While on the floor, she felt her dress was damp. Within seconds, two patrons from the lunch counter helped her up and she sat at a booth a foot or so from where she fell. At that time she told two witnesses she was all right. She says she suffered a 6-inch shallow flesh wound on the left upper thigh; that she saw blood; that her right foot hurt, and she was shaking all over like she had a big beating. While seated at the booth after the fall, she ordered two hamburger sand-wiches, waited for their preparation, took delivery thereof, had the waitress order a taxicab, and left.

Plaintiff does not state, nor do any of the other witnesses who were there present relate, that she told them her thigh was cut or bloody. None of the witnesses there present saw any blood, nor any cut. She refused assistance from the waitress, and from the patron witness who had helped her up, and walked out under her own power. She says the cab driver helped her, but neither the patron who had helped her up, nor the waitress saw this. She says that when she went home she lay flat on the bed. On cross-examination she was confronted with a typed letter, sent the same afternoon by her to defend-ant, threatening to sue him. She at first said she must have typed the letter a day or so later, but when confronted with the postmark of the same day, admitted she typed it that afternoon. She called herself a widow, but on cross-examina-tion she admitted she had been married and divorced three times, and had adopted the title ''widow'' because one of her husbands had died after divorce. She related a history of chronic duodenal ulcer but claimed aggravation of this trouble after the accident. She later admitted, on cross-examination, a former diagnosis of spinal arthritis. Confronted with the written record of doctors in which she was purported to have related her medical history to them, she disputed the correct-ness of portions of the facts therein stated. She denied suing any other person for personal injuries in the previous 30 years, but on cross-examination admitted she had sued and collected $5,000 from a riding academy in Los Angeles for a claimed injury. She termed her three marriages as ''misfor-tunes.'' She admitted hospitalization in Florida for either polio or arthritis. She was dissatisfied with the medical diag-nosis and treatment of Dr. Chamberlain and changed succes-

sively to several other doctors. She denied having been previously injured in a fall, but when reminded, admitted she had broken her ankle some years previously stepping into a depression in the pavement. She said that on two previous occasions she suffered back injury while turning in bed. Sometime previously while employed in a United States Civil Service position, her superior requested a medical examination because of her repeated absences from work. The medical doctor making the examination asked for a psychiatric examination. After examining her, the psychiatrist reported definite hypochondriac and simple schizoid tendencies. He stated she was not overtly psychotic, but emotionally labile with verbalizations frequently irrelevant, circumstantial, rambling, and at times grandiose in nature with feelings of persecution. The testimony of physicians called by plaintiff as witnesses was not transcribed for the record on appeal, the parties having stipulated that the matter of damages is not in issue on this appeal.

### Sufficiency of Evidence

Plaintiff contends on appeal that the evidence establishes as a matter of law that defendant was negligent, that plaintiff's alleged injuries were proximately caused by such negligence, and that plaintiff was not guilty of contributory negligence. Whether or not plaintiff actually suffered any injury as a *proximate result* of the fall is not argued nor discussed by either counsel on this appeal. The arguments of counsel to the jury have not been transcribed for the record on this appeal. No criticism has been made of the instructions or the rulings of the trial court during trial.

" 'Negligence is the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do; moreover it is not absolute or intrinsic, but always relative to some circumstance of time, place or person.' " (*Weber* v. *Pinyan,* 9 Cal.2d 226, 230 [3] [70 P.2d 183, 112 A.L.R. 407].)

"What constitutes 'ordinary care' under the facts of any particular case is usually a question for the jury, which must view the conduct as a whole in the light of all the circumstances. Thus, it is common practice for the jury to determine the standard of conduct to be applied within the compass of the broad rule that the prescribed conduct must conform to that of a 'reasonably prudent man under

the circumstances.' [Citations.] In the absence of legislatively or judicially declared standards, the question whether or not the conduct of a party conformed to that of a 'reasonably prudent man' is left to the jury's determination when different conclusions may reasonably be drawn from the evidence.'' (*Laird* v. *T. W. Mather, Inc.,* 51 Cal.2d 210, 215 [2, 3] [331 P.2d 617].)

■ ''Whether a particular inference *can* be drawn from certain evidence is a question of law, but whether the inference *shall* be drawn, in any given case, is a question of fact for the jury.'' (Italics ours.) (*Blank* v. *Coffin,* 20 Cal.2d 457, 461 [2] [126 P.2d 868].)

■ Accidentally dropping a glass of water while clearing a table cannot be classified as a matter of law to be negligence by itself. The jury must always consider the circumstances of time, place and other factors there present. ■ Even momentary forgetfulness is not necessarily conclusive of negligence. It may sometimes, under some circumstances, be considered the conduct of a reasonably prudent man. ■ Usually questions of negligence, proximate cause and contributory negligence are questions of fact for the jury. (*Austin* v. *Riverside Portland Cement Co.,* 44 Cal.2d 225, 234 [12, 13] [282 P.2d 69].)

■ The credibility of a witness and what weight shall be given to a particular witness' testimony, are matters resting within the province of a trier of fact. (Code Civ. Proc., §§ 2061, 1879, 1847; *Johnstone* v. *Morris,* 210 Cal. 580, 589 [7] [292 P. 970]; *State* v. *Day,* 76 Cal.App.2d 536, 548 [1] [173 P.2d 399].)

■ ■ On appeal '' 'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact,' and 'When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court.' '' (*Brewer* v. *Simpson,* 53 Cal.2d 567, 583 [1, 2] [2 Cal.Rptr. 609, 349 P.2d 289].)

None of the authorities cited by plaintiff announces any rules of law contrary to those herein set forth.

■ In the case at bar just what weight was to be given the testimony of plaintiff, whether or not she, in truth, did slip on the water or by mere misstep of her own; whether

or not the injuries complained of were a *proximate result* of the fall; whether or not the waitress did or did not exercise *ordinary* care when the glass slipped from her hand and dropped; and whether or not the promptness of measures taken to clean up the water were or were not ordinary care under all the circumstances, were all questions of fact for the jury, and on motion for a new trial, for the trial court.

Viewing the evidence in the light of the rules of law hereinbefore set forth, we are unable, on appeal, to say as a matter of law that the evidence was insufficient to sustain the verdict and judgment.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 22, 1961.